THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WILLIS ENTERPRISES, INC.,<br><br>　　　　Defendant. | No. 3:12-cv-05096-BHS<br><br>**AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL AND ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>July 12, 2013 per LCR 7(d)(1) |

Pursuant to Fed. R. Civ. P. 41(a), the parties to this action, Plaintiff Waste Action Project and Defendant Willis Enterprises, Inc. hereby stipulate to entry of an order dismissing with prejudice all claims that Willis violated any condition of the Industrial Stormwater General Permit prior to January 1, 2010. This includes, but is not limited to, the following allegations set forth in Waste Action Project's November 30, 2011 Notice of Intent to Sue (Notice Letter) and in its First Amended Complaint to the extent they allege violations of any Industrial Stormwater General Permit in effect prior to January 1, 2010:

　　1.　The allegation in the second paragraph of the first page of the Notice Letter that "Willis Enterprises also violated the conditions of its coverage under the previous Industrial Stormwater General Permit, Permit No. S03011407, issued by Ecology on August 21, 2002, effective on September 20, 2002, modified on December 1, 2004, effective January 14, 2005, expiring September 20, 2007, reissued August 15, 2007, effective September 15, 2007, reissued again on October 15, 2008, effective November 15, 2008, expiring April 30,

AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
AND [PROPOSED] ORDER
3:12-cv-05096-BHS - PAGE 1

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1  2009, but remaining effective through December 31, 2009 ("2005 Permit"). These violations
2  of the 2005 Permit are ongoing as the 2010 Permit includes conditions substantially similar to
3  those of the 2005 Permit that Willis Enterprises violated."
4      2.    The allegation in the second paragraph of the second page of the Notice Letter
5  that "Specifically, Condition S7 of the 2005 Permit . . . require[s] that Willis Enterprises'
6  discharges not cause or contribute to an excursion of Washington State water quality
7  standards."
8      3.    The allegation in the third paragraph of the second page of the Notice Letter
9  that "These discharges contribute to violations of water quality standards for Inner Grays
10 Harbor and have occurred each and every day since January 21, 2009, on which there was 0.1
11 inch or more of precipitation, and continue to occur," the allegation in the following table that
12 Willis collected a sample in the 4th quarter of 2009 that exceeded the benchmark for turbidity,
13 and the inclusion of precipitation data for January through December 2009.
14     4.    The allegation in the third full paragraph of the fourth page of the Notice Letter
15 that "Condition S4.A of the 2005 Permit required Willis Enterprises collect such a sample at
16 each distinct point of discharge offsite if activities and site conditions at the facility that may
17 pollute the stormwater are likely to result in discharges that will significantly vary in the
18 concentration or type of pollutants. Willis Enterprises has violated and continues to violate
19 these conditions because it does not sample each distinct point of discharge off-site. These
20 violations have occurred and continue to occur each and every quarter that Willis Enterprises
21 was and is required to sample its stormwater discharges under . . . Condition S4.A of the 2005
22 Permit, including the quarters in which it collected stormwater discharge samples from some,
23 but not each, point of discharge, and other quarters in which there were discharges that should
24 have been sampled to comply with permit terms but were not."
25     5.    The allegation in the first full paragraph of the fifth page of the Notice Letter
26 that "Condition S4. of the 2005 Permit included a substantially similar sample collection
27 requirement. Condition S9.A. of the 2010 Permit requires Willis Enterprises to report results

28 AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
AND [PROPOSED] ORDER
3:12-cv-05096-BHS - PAGE 2

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1  of analysis of these samples to Ecology on specified forms (Discharge Monitoring Reports, or
2  "DMRs") on a specified schedule. Condition S5.A. of the 2005 Permit included a
3  substantially similar requirement. Willis Enterprises has violated these conditions by failing to
4  collect stormwater samples in and/or to submit DMRs for the following monitoring periods:
5  2nd Quarter 2009, 3rd Quarter 2009 . . ."

6.  The allegations in the third full paragraph of the fifth page of the Notice Letter that "Condition S4.C. of the 2005 Permit includes a substantially similar requirement regarding the benchmarks identified in Condition S4.D. Willis Enterprises is in violation of these requirements because it failed to perform Level 1 responses or corrective actions as specified by the permits for any and all of the exceedances of the benchmarks identified in the table in section I.A. of this notice of intent to sue."

7.  The allegations in the fourth full paragraph of the sixth page of the Notice Letter that "Condition S5.B. of the 2005 Permit included a substantially similar requirement. Willis Enterprises is in violation of these conditions by failing to retain the sampling documentation of S4.B.3., the inspection documentation of S7, equipment calibration records, all BMP maintenance records, all original recordings for continuous sampling instrumentation, copies of all laboratory reports as described in S3.B.4., all DMRs, or copies of any other reports required by the Permit for the specified five-year period."

8.  The allegation in Paragraph 20 of the First Amended Complaint that "Defendant has violated the General Permit and Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, by discharging pollutants in violation of an NPDES Permit and failing to timely provide Plaintiff with a copy of Defendant's Storm Water Pollution Prevention Plan. Defendant's violations of the General Permit and the CWA are described in full in sections I through VIII of the Notice Letter, attached hereto as Exhibit 1, and in the Supplemental Notice Letter, attached hereto as Exhibit 2, and are incorporated herein by this reference."

9.  The allegation in Paragraph 21 of the First Amended Complaint that

AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
AND [PROPOSED] ORDER
3:12-cv-05096-BHS - PAGE 3

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1  "Defendant has discharged stormwater containing levels of pollutants that exceed the
2  benchmark values established in the General Permit. . . . Defendant's stormwater discharges
3  are causing or contributing to violations of water quality standards and therefore violate the
4  General Permit. Additionally, Defendant's exceedances of the benchmark values demonstrate
5  that Defendant is failing to apply AKART to its discharges and/or is failing to implement an
6  adequate SWPPP and BMPs. These requirements and violations are described in detail in
7  section I of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this
8  reference."

9    10.   The allegation in Table 1 in Paragraph 22 of the First Amended Complaint that
10  Willis collected a sample in the 4th quarter of 2009 that exceeded the benchmark for turbidity.

11    11.   The allegation in Paragraph 25 of the First Amended Complaint that
12  "Defendant failed to collect stormwater samples and/or to submit DMRs for the following
13  monitoring periods: 2nd Quarter 2009, 3rd Quarter 2009 . . . These monitoring requirements
14  and violations are described in detail in section III of the Notice Letter, attached hereto as
15  Exhibit 1, and are incorporated herein by this reference."

16    12.   The allegation in Paragraph 26 of the First Amended Complaint that
17  "Defendant has failed to analyze for certain parameters during the following monitoring
18  periods as indicated: 4th Quarter 2009 – Copper."

19    13.   The allegation in Paragraph 28 of the First Amended Complaint that
20  "Condition S4.C. of the 2005 Permit includes a substantially similar requirement regarding
21  the benchmarks identified in Condition S4.D. Defendant was required to complete a Level 1
22  corrective action for every benchmark exceedance identified in Table 1 above. Defendant has
23  not completed all of these corrective actions as required. These corrective action requirements
24  and violations are described in section V of the Notice Letter, attached hereto as Exhibit 1,
25  and are incorporated here by this reference."

26    14.   The allegation in Paragraph 31 of the First Amended Complaint that
27  "Defendant has violated the recordkeeping requirements of the General Permit. The

28  AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
   AND [PROPOSED] ORDER
   3:12-cv-05096-BHS - PAGE 4

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

1  recordkeeping requirements and violations are described in section VI of the Notice Letter,
2  attached hereto as Exhibit 1, and are incorporated herein by this reference."
3       This Stipulation and [Proposed] Order does not affect any claims alleging that Willis
4  violated the terms and conditions of the Industrial Stormwater General Permit on and after
5  January 1, 2010.
6       Dated: July 12, 2013.

s/ Tisha Pagalilauan
s/ Stephen J. Tan
s/ Elizabeth C. Black
Tisha Pagalilauan, WSBA No. 28217
Stephen J. Tan, WSBA No. 22756
Elizabeth C. Black, WSBA No. 45954
CASCADIA LAW GROUP PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
Telephone: (206) 292-6300
Fax: (206) 292-6301
E-mail:  tpagalilauan@cascadialaw.com
         stan@cascadialaw.com
         eblack@cascadialaw.com
Attorneys for Defendant Willis Enterprises, Inc.

s/ Knoll Lowney
s/ Marc A. R. Zemel
Knoll Lowney, WSBA #23457
Marc Zemel, WSBA #44325
SMITH & LOWNEY, PLLC
2317 E. John St.
Seattle, WA 98112
Telephone: (206) 860-2883
Fax: (206) 860-4187
E-mail:  knoll@igc.org
         marcz@igc.org
Attorneys for Plaintiff Waste Action Project

PURSUANT TO THIS STIPULATION, **IT IS SO ORDERED**.

DATED this 16 day of July, 2013.

_____
HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
AND [PROPOSED] ORDER
3:12-cv-05096-BHS - PAGE 5

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300

PRESENTED BY:

s/ Tisha Pagalilauan
s/ Stephen J. Tan
s/ Elizabeth J. Black
Tisha Pagalilauan, WSBA No. 28217
Stephen J. Tan, WSBA No. 22756
Elizabeth C. Black, WSBA No. 45954
CASCADIA LAW GROUP PLLC
1201 Third Avenue, Suite 320
Seattle, WA 98101
Telephone: (206) 292-6300
Fax: (206) 292-6301
E-mail: tpagalilauan@cascadialaw.com
        stan@cascadialaw.com
        eblack@cascadialaw.com
Attorneys for Defendant Willis Enterprises, Inc.

APPROVED FOR ENTRY:

s/ Knoll Lowney
s/ Marc A. R. Zemel
Knoll Lowney, WSBA #23457
Marc Zemel, WSBA #44325
SMITH & LOWNEY, PLLC
2317 E. John St.
Seattle, WA 98112
Telephone: (206) 860-2883
Fax: (206) 860-4187
E-mail: knoll@igc.org
        marcz@igc.org
Attorneys for Plaintiff Waste Action Project

AMENDED STIPULATED MOTION FOR PARTIAL DISMISSAL
AND [PROPOSED] ORDER
3:12-cv-05096-BHS - PAGE 6

CASCADIA LAW GROUP PLLC
1201 THIRD AVENUE, SUITE 320
SEATTLE, WASHINGTON 98101
(206) 292-6300