HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, | No. 12-cv-05096-BHS |
| Plaintiff, | |
| v. | CONSENT DECREE |
| WILLIS ENTERPRISES, INC., | |
| Defendants. | |

## I.  STIPULATIONS

Plaintiff Waste Action Project ("WAP") sent a sixty day notice of intent to sue letter to defendant Willis Enterprises, Inc. ("Willis") on or about November 28, 2011, and filed a complaint on February 6, 2012, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Willis's facility in Hoquiam, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs. WAP sent a supplemental sixty day notice of intent to sue letter to Willis on or about June 6, 2012 and amended its complaint on August 30, 2012.

WAP and Willis agree that settlement of these matters is in the best interest of the parties

CONSENT DECREE: No. 12-cv-05096-BHS
p. 1

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1  and the public, and that entry of this Consent Decree is the most appropriate means of resolving

2  this action.

3  WAP and Willis stipulate to the entry of this Consent Decree without trial, adjudication,

4  or admission of any issues of fact or law regarding WAP's claims or allegations set forth in its

5  complaint and its sixty-day notice.

6  DATED this __th day of _____, 2013

7  CASCADIA LAW GROUP PLLC          SMITH & LOWNEY PLLC

8

9  By s/Tisha Pagalilauan            By s/Knoll Lowney
   Tisha Pagalilauan, WSBA #28217    Knoll Lowney, WSBA #23457
10 Attorneys for Defendant Willis    Marc Zemel, WSBA #44325
   Enterprises, Inc.                 Attorneys for Plaintiff WAP
11

12 WILLIS ENTERPRISES INC.           WASTE ACTION PROJECT

13

14 By /s/ Todd Charlton              By /s/ Greg Wingard
   Todd Charlton                     Greg Wingard
15 Vice President, Operations        WAP Executive Director

16              II.     ORDER AND DECREE

17 THIS MATTER came before the Court upon the foregoing Stipulations of the parties.

18 Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS,

19 ADJUDGES, and DECREES as follows:

20
   1.   This Court has jurisdiction over the parties and subject matter of this action.
21
   2.   Each signatory for the parties certifies for that party that he or she is authorized to
22
23 enter into the agreements set forth below.

24 3.   This Consent Decree applies to and binds the parties and their successors and

25 assigns.

26

CONSENT DECREE: No. 12-cv-05096-BHS
p. 2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4. This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Defendant Willis Enterprises, Inc. of its Facility at 400 Airport Way SW, Hoquiam, WA 98550 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR011407 (the "NPDES permit" or "General Permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint, the sixty-day notice and all other claims known and unknown, contingent or otherwise, for any acts or omissions that could be asserted, including but not limited to, under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility against Willis, its subsidiaries, employees, agents, successors and assigns. All such claims are released and dismissed with prejudice.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by WAP in this case or of any fact or conclusion of law related to those allegations.

7. Willis agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

   a. Willis will comply fully with all conditions of its NPDES permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility. Willis reserves all rights consistent with the NPDES permit to seek modification of the NPDES permit, termination of the NPDES permit or any other change to the NPDES permit authorized by law, and termination of the NPDES permit shall serve to terminate this Consent Decree;

   b. For a period of two years after the entry of the decree, Willis shall, on a

CONSENT DECREE: No. 12-cv-05096-BHS
p. 3

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Case 3:12-cv-05096-BHS   Document 52-1   Filed 08/26/13   Page 4 of 13

quarterly basis, forward to WAP copies of all written communications to or from Ecology related to its NPDES permit or stormwater discharges from the facility;

   c.   Willis shall retain qualified stormwater consultants to prepare a Level Three engineering report ("L3 Report") that meets the requirements of the NPDES permit. The L3 Report must include a treatment system to treat all stormwater discharges. Willis must complete the L3 Report, resolve disputes, and implement the treatment system according to the timeline set forth below;

   d.   Willis shall retain a qualified stormwater consultant to update its stormwater pollution prevention plan ("SWPPP") to meet the requirements of the NPDES permit;

   e.   Willis certifies that it no longer conducts activities in the northern basin of Terminal 3 that discharges to the Grays Harbor National Wildlife Refuge. If, at some point in the future, Willis expands its facility further into this northern basin, Willis must promptly notify Ecology, seek modification of its NPDES permit coverage if required under Condition S2.B, and sample and report stormwater discharges draining to the northwest that discharges to the Grays Harbor National Wildlife Refuge;

   f.   The following timelines and process for collaboration and dispute resolutions should govern the Draft L3 Reports and the Draft SWPPPs:

      i.   Willis shall complete the Draft L3 and Draft SWPPP, and provide a copy of each to WAP within ninety days of the entry of the Consent Decree;

CONSENT DECREE: No. 12-cv-05096-BHS
p. 4

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

        ii.    WAP shall thereafter have thirty days to provide objections, comments and/or proposed revisions to the draft L3 and SWPPP. Willis shall provide funding in the amount of $2,500 for WAP's consultant to conduct this review and provide such feedback;

        iii.    Willis shall have fourteen days to respond in writing to WAP's objections, comments and/or proposed revisions;

        iv.    Should Willis not accept WAP's comments, objections and/or proposed revisions, Willis will send the document along with WAP's comments, objections and/or proposed revisions to the Department of Ecology along with a citation to this Consent Decree and a joint request from Willis and WAP that Department of Ecology review and approve Willis' submittal and determine what changes are necessary, if any, in light of WAP's comments, objections and/or proposed revisions;

   g.    Willis shall fully comply with the L3 Report and SWPPP, including the implementation schedule described therein, once they become final; and

   h.    If Willis fails to meet benchmarks after fully implementing the new L3 Reports, Willis shall retain a consultant to evaluate the potential sources of the contamination and measures to eliminate the pollutant from the stormwater discharges, which shall be provided to WAP. Willis shall fully comply with the recommendations of the consultant.

   8.    Not later than thirty days (30) after the entry of this Consent Decree by this Court, Willis will pay one hundred thousand dollars ($ 100,000) to the Rose Foundation for projects to improve the water quality of the Chehalis River Watershed and the Grays Harbor Estuary as described in **Attachment A** this Consent Decree. Not later than sixty (60) days after the entry of

CONSENT DECREE: No. 12-cv-05096-BHS
p. 5

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1  this Consent Decree by this Court, Willis will pay an additional one hundred thousand dollars ($100,000) to the Rose Foundation for projects to improve the water quality of the Chehalis River Watershed and the Grays Harbor Estuary as described in **Attachment A** this Consent Decree. Checks will be made to the order of and delivered to: The Rose Foundation for Communities and the Environment, Attn: Tim Little, 1970 Broadway, Ste. 600, Oakland, CA 94612. Payment will include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Willis Enterprises, Inc." A copy of the check and cover letter, if any, shall be forwarded to WAP's counsel.

9. Within seven (7) days of entry of this Consent Decree by the Court, Defendant shall pay Plaintiff's actual litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) incurred in this matter in the amount of one hundred and twenty-five thousand dollars ($125,000.00), and not later than ninety (90) days after the entry of this Consent Decree by this Court, Willis will pay an additional amount of one hundred and two thousand and five hundred dollars ($102,500) of which two thousand and five hundred dollars ($2,500) of that amount is for full and complete satisfaction of payment pursuant to paragraph 7(f) of this consent decree. The checks payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney. Defendant's payment shall be in full and complete satisfaction of any claims Plaintiff has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. As a condition precedent of the payment required under this paragraph, Plaintiff's counsel will provide a sworn affidavit that their contemporaneous time records of fees and costs exceed the $225,000.

CONSENT DECREE: No. 12-cv-05096-BHS
p. 6

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

10. A force majeure event is any event outside the reasonable control of Willis that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Willis notifies WAP of the event; the steps that Willis will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Willis will notify WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include but are not limited to:

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by Willis from a government authority to implement any of the actions required by this consent decree where such approval is not granted or is delayed, and where Willis has timely and in good faith sought the permit or approval; and

CONSENT DECREE: No. 12-cv-05096-BHS
p. 7

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

      h.    Litigation, arbitration, or mediation that causes delay.

11.    This Court retains jurisdiction over this matter. And, while this Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Decree. In the event of a dispute regarding implementation of, or compliance with, this Decree, the parties must first attempt to resolve the dispute by exchanging correspondence setting forth their positions regarding the dispute. If, following the exchange of that correspondence, the parties can not resolve the dispute, the parties must attempt to resolve the dispute through an in person meeting between Willis and WAP and their counsel before applying to the Court for relief. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12.    The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, WAP will serve copies of it upon the Administration of the U.S. EPA and the Attorney General, with a copy to Willis.

13.    This Consent Decree will take effect upon entry by this Court. It terminates (a) two years after that date, or (b) 90 days after the parties' completion of all obligations imposed by this Decree, whichever is later. The Consent Decree will terminate earlier if Willis legally terminates its NPDES permit, and any dispute about the legality of the termination are subject to

CONSENT DECREE: No. 12-cv-05096-BHS
p. 8

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

the dispute resolution process in Paragraph 11 herein.

14.     Both parties have participated in drafting this decree. The terms of this Consent Decree shall be construed without regard to who drafted the various provisions hereof and shall be construed as though all Parties hereto had participated equally in the drafting. As a result of the foregoing, any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Consent Decree.

15.     This Consent Decree may be modified only upon the approval of the Court.

16.     If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17.     Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; or (3) a nationally recognized overnight courier, with all fees prepaid. The sending party shall also send a courtesy copy by e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to WAP:**

Waste Action Project
PO Box 4832
Seattle 98194-0832
email: gwingard@earthlink.net

CONSENT DECREE: No. 12-cv-05096-BHS
p. 9

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

and to:

Knoll D. Lowney
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
email: knoll@igc.org

**if to Willis:**
Todd Charlton
Willis Enterprises, Inc.
PO Box 457
Oakville, WA 98568
and to:

Tisha Pagalilauan
Cascadia Law Group PLLC
1201 3rd Avenue, Suite 320
Seattle, WA 98101
tpagalilauan@cascadialaw.com

A notice or other communication between the Parties regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication between the Parties will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

CONSENT DECREE: No. 12-cv-05096-BHS
p. 10

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1
2
3
4
5

DATED this 21 day of October, 2013.

_____
HON. BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

6  Presented by:
7
8  CASCADIA LAW GROUP PLLC            SMITH & LOWNEY PLLC
9
   By s/Tisha Pagalilauan              By s/Knoll D. Lowney
10 Tisha Pagalilauan, WSBA #28217      Knoll D. Lowney, WSBA #23457
   Attorneys for Defendant Willis      Marc Zemel, WSBA # 44325
11 Enterprises, Inc.                   Attorneys for Plaintiff
                                       Waste Action Project
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CONSENT DECREE: No. 12-cv-05096-BHS
p. 11

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

**ROSE FOUNDATION for COMMUNITIES and the ENVIRONMENT**

1970 BROADWAY, SUITE 600, OAKLAND, CA 94612-2218
ROSE@ROSEFDN.ORG

WWW.ROSEFDN.ORG
OFFICE: 510.658.0702
FAX: 510.658.0732

8/22/13

Sarah Lu
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Waste Action Project v. Willis Enterprises, Inc. (12-cv-05096-BHS)

Dear Ms. Lu,

This letter is intended to provide assurance that I have received the proposed Consent Decree between the Waste Action Project and Willis Enterprises, Inc. and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Willis Enterprises, Inc. as specified in the Consent Decree.

2) The Rose Foundation shall only use these Willis Enterprises, Inc. funds to support projects intended to improve the water quality of the Chehalis River watershed and the Grays Harbor Estuary. None of the funds shall be used to support political lobbying activities.

3) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the court and the parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.
- Protect the natural environment, public health, and community and consumer rights.
- Promote collaboration between labor, environmental, business, consumer and social interests.
- Cultivate a new generation of environmental stewards and social policy leaders.
- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director